| | | |
|---|---|---|
| MICHAEL KIBLER | * | IN THE |
| JENNIFER KIBLER, Individually and | | |
| as Parents and Next Friends of BRYCEN KIBLER | * | |
| 791 Redwood Drive | | |
| Waynesboro, PA 17268 | * | |
| | | |
|     Plaintiffs | * | |
| | | |
| v. | * | UNITED STATES |
| | | |
| MICHAEL GOODWIN CETTA, M.D. | * | |
| 9901 Medical Center Drive | | |
| Emergency Department | * | |
| Rockville, Maryland 20850 | | |
| | * | |
| MOHAMMAD RAFI MALIK, M.D. | | |
| 251 East Antietam Street | * | DISTRICT COURT |
| Hagerstown, Maryland 21740 | | |
| | * | |
| MEP, LLC | | |
| 20251 Century Boulevard | * | |
| Suite 130 | | |
| Germantown, Maryland 20874 | * | |
| | | |
|     Serve On: | * | FOR THE |
|     Resident Agent | | |
|     Richard Tanenbaum, Esquire | * | |
|     6259 Executive Boulevard | | |
|     Rockville, Maryland 20852 | * | |
| | | |
| TRUNG QUANG VU, M.D. | * | |
| 10600 Avonlea Hills Court | | |
| Hagerstown, Maryland 21742 | * | DISTRICT OF |
| | | |
| ASSOCIATED RADIOLOGISTS, P.A. | * | |
| 251 East Antietam Street | | |
| Hagerstown, Maryland 21740 | * | |
| | | |
|     Serve On: | * | |
|     Resident Agent | | |
|     Barry D. Berman, Esquire | * | MARYLAND |
|     100 Light Street | | |
|     Suite 1100 | * | |
|     Baltimore, Maryland 21202 | | |

(Caption Continued on Next Page)

| | |
|---|---|
| WASHINGTON COUNTY HOSPITAL ASSOCIATION | * |
| 251 East Antietam Street | |
| Hagerstown, Maryland 21740 | * |
| | |
| <u>Serve On</u>: | * |
| Resident Agent | |
| James P. Hamill, | * |
| 251 E. Antietam Street | |
| Hagerstown, Maryland 21740 | * |
| | |
| Defendants | * |

\* \* \* \* \* \* \*

**COMPLAINT AND ELECTION FOR JURY TRIAL**

   Plaintiffs, Michael Kibler and Jennifer Kibler, Individually, and as Parents and Next Friends of Brycen Kibler, by their attorneys, Daniel M. Clements, Katharine O. Porwick, and Salsbury, Clements, Bekman, Marder & Adkins, LLC, file this Statement of Claim against the Defendants, Michael G. Cetta, M.D., Mohammad R. Malik, M.D. MEP, LLC, Trung Q. Vu, M.D., Associated Radiologists, P.A., and Washington County Hospital Association and states:

  1. Venue for this case is proper in the United States District Court for the District of Maryland.

  2. This case was originally filed in the Health Care Alternative Dispute Resolution Office. Plaintiffs elected to waive arbitration. A copy of the Election to Waive Arbitration is attached as Exhibit A.

  3. The Defendant, Michael G. Cetta, M.D., is a citizen and resident of the State of Maryland.

  4. The Defendant, Mohammad R. Malik, M.D., is a citizen and resident of the State of Maryland.

2

5. The Defendant, MEP, LLC, is a Maryland corporation which maintains its principal place of business in the State of Maryland.

6. The Defendant, Trung Q. Vu, M.D., is a citizen and resident of the State of Maryland.

7. The Defendant, Associated Radiologists, P.A., is a Maryland corporation which maintains its principal place of business in the State of Maryland.

8. The Defendant, Washington County Hospital Association is a Maryland corporation which maintains its principal place of business in the State of Maryland.

9. The Plaintiffs, Michael Kibler, Jennifer Kibler and Brycen Kibler reside in the State of Pennsylvania.

10. There exists diversity of citizenship pursuant to 28 U.S.C. Section 1332 since the Plaintiffs and Defendants are citizens and residents of different states, and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

11. The venue for this claim is proper in the United States District Court for the District of Maryland, Northern Division.

12. At all times hereinafter set forth, the Defendant, Michael G. Cetta, M.D., held himself out to the Plaintiffs and to the general public as an experienced, competent and able physician and healthcare provider possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of emergency medicine, and as such owed a duty to the Plaintiffs, to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of emergency medicine.

13.     At all times hereinafter set forth, the Defendant, Mohammad R. Malik M.D., held himself out to the Plaintiffs and to the general public as an experienced, competent and able physician and healthcare provider possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of emergency medicine, and as such owed a duty to the Plaintiffs, to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of emergency medicine.

14.     At all times hereinafter set forth, the Defendants, Michael G. Cetta, M.D. and Mohammad R. Malik, M.D. were agents and/or apparent agents, servants, or employees of the Defendants, MEP, LLC and Washington County Hospital Association.

15.     At all times hereinafter set forth, the Defendant, Trung Q. Vu, M.D., held himself out to the Plaintiffs and to the general public as an experienced, competent and able radiologist and healthcare provider possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of radiology, and as such owed a duty to the Plaintiffs, to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of radiology.

16.     At all times hereinafter set forth, the Defendant, Trung Q. Vu, M.D., was an agent and/or apparent agent, servant, or employee of the Defendants, Associated Radiologists, P.A. and Washington County Hospital Association.

## COUNT I

(Michael Kibler and Jennifer Kibler as Parents and Next Friend of Brycen Kibler - Negligence)

17.     Plaintiffs adopt and incorporate by reference the allegations contained in

4

Paragraphs 1-17 of this Complaint as if they were set out at length herein.

18.     On October 14, 2008, at approximately 7:29 a.m. four-year-old, Brycen Kibler (hereinafter "Brycen"), presented to the emergency room of the Defendant Washington County Hospital Association (Hereinafter "Hospital") where his father reported that he had a swollen and red left testicle and that Brycen had been walking with a wide gait.

19.     In the emergency room, Brycen was evaluated by Defendant, Michael G. Cetta, M.D., who performed a physical examination of Brycen and noted a painful, swollen, and red left testicle.  Dr. Cetta also noted that Brycen had absent cremesterick reflex on the left.  Dr. Cetta ordered an ultrasound and a urine culture.

20.     An ultrasound was interpreted by Defendant, Trung Q. Vu, M.D.  Although Dr. Vu also noted a swollen left testicle and hyperemia surrounding the left testicle,  he reported that Brycen was suffering from orchitis (an infection of the testicle).

21.     An urologist was never consulted.  A nuclear scan of the testicle was never ordered.  Instead, Dr. Cetta discharged Brycen with a prescription for 400 mg of Augmentin and told his parents to follow up with a urologist in three days if Brycen did not improve.

22.     Brycen's left testicle continued to swell and be painful.  Early the next morning, Brycen's parents again took him to the emergency room where he was seen by Mohammad R. Malik, M.D.  Dr. Malik undertook no action in response to Brycen's parents' complaints of increased pain and swelling.  He did not order repeat a urine culture, he did not order a repeat ultrasound, he did not order a nuclear scan, and he did not request a urology consult.  Instead, Dr. Malik discharged Brycen and told Brycen's parents that the Augmentin had not yet had time to work.

5

23. Brycen's left testicle continued to swell and be painful.

24. Later that morning, on October 15, 2009, Brycen's parents had him evaluated by Patrick Dennis, M.D., a urologist. Dr. Dennis ordered a Doppler flow study ultrasound that demonstrated no blood flow to the left testicle. Dr. Dennis diagnosed Brycen as suffering from a torsion testicle and immediately took him to the operating room. Because blood flow could not be restored to the left testicle, it was removed.

25. Had Dr. Cetta, Dr. Vu, or Dr. Malik properly and timely diagnosed Brycen's left torsion testicle, it would not have had to be removed.

26. Defendant, Michael G. Cetta, M.D., was negligent in that he:

a) failed to recognize that Brycen had a left torsion testicle that required immediate medical treatment;

b) failed to order a urology consult after a physical examination consistent with a suspected torsion testicle;

c) failed to order a nuclear scan of Brycen's left testicle after a physical examination consistent with a suspected torsion testicle;

d) failed to appreciate the significance of Brycen's test result of absent cremesterick reflex on the left;

e) diagnosed Brycen as suffering from orchitis, which is exceedingly rare for a little boy of Brycen's age; and

f) was otherwise negligent.

27. Defendant, Mohammad R. Malik, M.D., was negligent in that he:

a) failed to recognize that Brycen had a left torsion testicle that required

6

immediate medical treatment;

b) failed to order a urology consult after a physical examination consistent with a suspected torsion testicle;

c) failed to order a nuclear scan of Brycen's left testicle after a physical examination consistent with a suspected torsion testicle;

d) failed to appreciate the significance of Brycen's return to the emergency room with complaints of increased pain and swelling;

e) diagnosed Brycen as suffering from orchitis, which is exceedingly rare for a little boy of Brycen's age; and

f) was otherwise negligent.

28. Defendant, MEP LLC, by and through its agents, servants and/or employees was negligent in that it:

a) failed to recognize that Brycen had a left torsion testicle that required immediate medical treatment;

b) failed to order a urology consult after a physical examination consistent with a suspected torsion testicle;

c) failed to order a nuclear scan of Brycen's left testicle after a physical examination consistent with a suspected torsion testicle;

d) failed to appreciate the significance of Brycen's test result of absent cremesterick reflex on the left;

e) failed to appreciate the significance of Brycen's return to the emergency room with complaints of increased pain and swelling;

  f) diagnosed Brycen as suffering from orchitis, which is exceedingly rare for a little boy of Brycen's age; and

  g) was otherwise negligent.

29. Defendant, Trung Q. Vu, M.D., was negligent in that he:

  a) failed to recognize that Brycen had a left torsion testicle that required immediate medical treatment;

  b) failed to properly read Brycen's ultrasound on the morning of October 14, 2008;

  c) failed to appreciate that the ultrasound on the morning of October 14, 2008 showed that there was no blood flow to Brycen's left testicle;

  d) indicated that Brycen was suffering from orchitis, which is exceedingly rare for a little boy of Brycen's age; and

  e) was otherwise negligent.

30. Defendant, Associated Radiologists, P.A., by and through its agents, servants and/or employees was negligent in that it:

  a) failed to recognize that Brycen had a left torsion testicle that required immediate medical treatment;

  b) failed to properly read Brycen's ultrasound on the morning of October 14, 2008;

  c) failed to appreciate that the ultrasound on the morning of October 14, 2008 showed that there was no blood flow to Brycen's left testicle;

  d) indicated that Brycen was suffering from orchitis, which is exceedingly rare for

a little boy of Brycen's age; and

e) was otherwise negligent.

31. Defendant, Washington County Hospital Association, by and through its agents, servants and/or employees was negligent in that it:

a) failed to recognize that Brycen had a left torsion testicle that required immediate medical treatment;

b) failed to order a urology consult after a physical examination consistent with a suspected torsion testicle;

c) failed to order a nuclear scan of Brycen's left testicle after a physical examination consistent with a suspected torsion testicle;

d) failed to appreciate the significance of Brycen's test result of absent cremesterick reflex on the left;

e) failed to appreciate the significance of Brycen's return to the emergency room with complaints of increased pain and swelling;

f) diagnosed Brycen as suffering from orchitis, which is exceedingly rare for a little boy of Brycen's age;

g) failed to properly read Brycen's ultrasound on the morning of October 14, 2008;

h) failed to appreciate that the ultrasound on the morning of October 14, 2008 showed that there was no blood flow to Brycen's left testicle; and

i) was otherwise negligent.

32. As a direct and proximate result of the negligence of the Defendants, Brycen

Kibler was caused to suffer painful and permanent injuries, and was caused to sustain severe mental anguish and emotional pain and suffering; whereby he was and in the future will be prevented in engaging in his usual duties and activities; and will continue to experience said mental anguish, pain and suffering in the future, and was otherwise injured and damaged.

WHEREFORE, Plaintiffs, Michael Kibler and Jennifer Kibler, as Parents and Next Friends of Brycen Kibler, seek damages against the Defendants, Michael G. Cetta, M.D., Mohammad R. Malik, M.D., MEP, LLC, Trung Q. Vu, M.D., Associated Radiologists, P.A., and Washington County Hospital Association, in an amount in excess of seventy five thousand dollars ($75,000.00).

## COUNT II

### (Michael Kibler and Jennifer Kibler, Individually)

33.   Plaintiffs, Michael Kibler and Jennifer Kibler, Individually, adopt and incorporate by reference paragraphs 1-32 of the Statement of Claim as fully as if they were set out in length herein.

34.   That, as the parents of the Brycen Kibler, they have incurred and will in the future incur expenses for the cost of medical and health care and other expenses for Brycen Kibler, as a result of the negligence and carelessness of the Defendants.

35.   That all of the injuries and damages complained of were proximately caused by the negligence of the Defendants.

WHEREFORE, Plaintiffs, Michael Kibler and Jennifer Kibler, Individually, claim damages against the Defendants, Michael Cetta, M.D., Mohammad R. Malik, M.D., MEP, LLC, Trung Q. Vu, M.D., Associated Radiologists, P.A., and Washington County Hospital

Association, in an amount in excess of seventy five thousand dollars ($75,000.00).

## **ELECTION FOR JURY TRIAL**

The Plaintiffs elect to have their case heard before a jury.

                                                             /s/
                                         DANIEL M. CLEMENTS
                                         KATHARINE O. PORWICK
                                         SALSBURY, CLEMENTS, BEKMAN,
                                                MARDER & ADKINS, L.L.C.
                                         300 W. Pratt Street
                                         Suite 450
                                         Baltimore, Maryland 21201
                                         (410) 539-6633

                                         Attorneys for Plaintiffs